Dayton v. Rutherford.

---

## JOHN DAYTON
### v.
## THOMAS RUTHERFORD ET AL.

*Drainage—Cutting Ditch from Natural Drain without District—Injunction.*

1. An injunction lies to prevent the cutting of a ditch connecting a natural drain or slough without, with a branch ditch within, a drainage district.

2. In the case presented, this court holds that the evidence sustains the finding of the chancellor that the drain or slough in question is a natural channel or watercourse having its outlet outside the district.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Douglass County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. ANTHONY THORNTON, C. W. WOOLVERTON and WILLIAM J. AMMEN, for appellant.

The alleged injury is too uncertain to justify the interposition by injunction. The particular relief sought is premature.

There is no charge of insolvency in the bill, as against the defendant; no averment that multiplicity of suits might be avoided if equity would take jurisdiction. There is no averment that any damage whatever has resulted to the drains in the district. Appellant was at work on his own land, and the court is asked to perpetually enjoin him from the further prosecution of the work, for fear that water may be thrown into the drains under the care of appellees and injure them.

An injunction is a harsh remedy and will never be granted upon the mere allegation of irreparable injury. Facts and circumstances should be stated that the court can be satisfied as to the nature of the injury. Upon the indefinite statements in the bill, no court could be satisfied of probable injury. 1 High on Injunctions, Sec. 34.

To authorize an injunction in a case like this there must appear to be well-grounded apprehension of immediate injury. 1 High on Injunctions, Sec. 7.

From the allegations in the bill, as well as the proof, it is wholly uncertain and indefinite whether the ditch of appellant will operate to the damage of the drains. Even if there be possible injury, equity will not interfere. 1 High on Injunctions, Sec. 742.

The proof consists simply of opinions. It is impossible for the court to know that any injury will ensue until the threatened ditch is completed. In such case the writ of injunction is always refused. 1 High on Injunctions, Sec. 743.

Upon the proof submitted on the hearing a jury would not allow damages. The damages, if any, are entirely speculative. Neither from the allegations in the bill nor from the proofs—consisting of vague opinions—can the court determine that the acts done or threatened would result in irreparable damage, or in fact any injury. There is not sufficient evidence that the alleged or threatened trespasses are, or ever would be, a nuisance.

In such case the rule is that " the thing charged must be a nuisance before a court will grant preventive relief to stay irreparable damages until the question is determined by an action at law." Dunning v. The City of Aurora, 40 Ill. 486.

Dayton v. Rutherford.

From the contradictory opinions given as to the effect of the contemplated ditch which is to be constructed by appellant upon the drain with which the former may be connected, it is impossible to determine the effect.

"Where the thing complained of is not necessarily a nuisance, but may or may not be so, according to circumstances, a court of chancery will not stay a party until the matter has been tried at law." Town of Lake View v. Letz, 44 Ill. 84.

These cases have been followed and approved in a recent opinion of the Supreme Court. Thornton v. Roll, 118 Ill. 363.

"Where the thing sought to be restrained is not in itself noxious, but only something which may, according to circumstances, prove to be so, the court will refuse to interfere until the matter has been tried at law." Mohawk Bridge Co. v. The N. & S. R. R. Co., 6 Paige, 563.

Appellant can not be held responsible for the additional water conducted by these artificial ditches constructed by other parties, with whom he was in no manner connected. C. & A. R. R. Co. v. Glenney, 118 Ill. 491. ·

Appellant was the owner of the dominant heritage, and had an easement in the servient tenement for the discharge of all waters which naturally rise or fall upon him. While he could not create new channels entirely diverting the water, yet he may make drains for agricultural purposes on his own land, as may be required by good husbandry, even though the flow of the water may thereby be increased. Peck v. Herrington, 109 Ill. 612.

Messrs. ECKHART & MOORE, for appellees.

This is a threatened diversion of surface water, whereby a legal wrong would be perpetrated, and a threatened continuing injury. The appropriate function of the writ of injunction being to afford preventive relief, this is a case that justifies its interposition.

The remedy by interlocutory injunction being preventive in its nature, it is not necessary that a wrong should have been actually committed before a court of equity will interfere; since, if this were required, it would in most cases

defeat the very purpose for which the relief is sought by allowing the commission of the act which complainant seeks to restrain. And satisfactory proof that defendants threaten the commission of a wrong which is within their power, is sufficient ground to justify interference. High on Injunctions, Sec. 18.

It is only to be used for the prevention of a future injury actually threatened, and to prevent the perpetration of a legal wrong for which no adequate remedy can be had in damages. High on Injunctions, Sec. 23.

The remedy to prevent improper diversion of surface waters by injunction is clearly established. Hicks v. Silliman, 93 Ill. 255.

The diversion or obstruction of a watercourse has been the subject of frequent equitable interference by way of injunction, both in England and America. Gould on Waters, Sec. 534.

And where the defendants in relieving their lands from surface water, deepened a ditch upon the highway, and thus caused an increased and unnatural flow of water through the surface drains of adjacent owners, causing injury to their lands, and making further injuries probable, a mandatory injunction was issued directing the defendants to fill up the ditch. Gould on Waters, Sec. 553.

So, the leading of surface water from one's premises upon those of another, causing overflow and injury to the latter, may be enjoined as a nuisance. High on Inj., Sec. 809, 2d Ed.

Where defendant, by digging a ditch for that purpose, draws off surface water which has accumulated in a natural pond or reservoir upon his own premises, to and upon the premises of plaintiff adjoining, the injury being continuous in its nature, affords sufficient ground for relief by injunction. High on Inj., 2d Ed., Sec. 809.

*Per Curiam.* This was a bill filed by the commissioners to enjoin appellant from cutting a ditch from what is alleged to be a natural drain or slough running through his land outside of the district to a branch ditch in it, thereby turning into

the latter the water from his own and other lands, also out of the district, which naturally drained to another outlet.

By force of the statute, Drainage Act of 1885, Sec. 42, the connection proposed to be made by appellant would bring into the district his own land, but not that of the others referred to. And it gives him the right to drain from his own land outside into the ditches of the district, the water that comes upon it from other lands also outside, unless it goes off by the continuation of the same natural channel by which it comes on. But to divert the water from such a channel to the ditches of the district would be a wrong in itself; and since the damage would be continuing or recurring, and difficult of computation, injunction is a proper remedy.

Whether the slough mentioned in the bill was such a channel or watercourse was a question of fact, upon which the evidence was conflicting. The chancellor found it was, and we are not prepared to say his finding was not sufficiently supported. By the decree made, appellant's right to drain his own land outside of the district into its ditch—which we understand it holds to be as herein above stated—is expressly saved, and so, in view of the fact as found, we think he has no cause of complaint.

*Decree affirmed.*